IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOSE L. CORONADO MARTINEZ, PRO SE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:15-CV-0334 |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION

On November 18, 2015, plaintiff JOSE L. CORONADO MARTINEZ, proceeding Pro Se, filed this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration (Commissioner), who denied plaintiff's application for disability insurance benefits and social security insurance under Titles II and XVI of the Social Security Act.

The instant cause was dismissed on January 5, 2016, after plaintiff failed to respond to a November 23, 2015 Deficiency Notice and Order[1] and then failed to file Objections to a December 15, 2015 Report and Recommendation recommending dismissal of the cause, without prejudice, for failure to prosecute.

Plaintiff then filed Objections to the Report and Recommendation and filed a Motion to Set Aside Order of Dismissal and Judgment.

---

[1] By the Deficiency Notice and Order plaintiff was temporarily granted pauper status and given until December 7, 2015 in which to pay the full $400.00 filing and administrative fee or submit a completed Application to Proceed in District Court Without Prepaying Fees or Costs.

On April 29, 2016, the Court issued an Order Vacating the January 5, 2016 Judgment and reopened this cause.

Also, on April 29, 2016, plaintiff was granted pauper status and the Court issued a Show Cause Order giving plaintiff until May 19, 2016 in which to respond and show cause why this case should not be dismissed for want of jurisdiction as being untimely filed. The Court noted in its Show Cause Order that plaintiff had not filed his lawsuit within sixty days of the July 30, 2015 denial by the Appeals Council of his request for review. Further, plaintiff had neither pled he had received an extension from the Commissioner of the period in which to file suit nor had he provided a copy of any document from the Commissioner granting such an extension.

The response period for plaintiff to respond the Show Cause Order has expired and plaintiff has failed to respond.

Title 28, United States Code, section 1915(e)(2) provides, in relevant part, as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal–

        (I) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. 1915(e)(2). Thus, the very statute allowing plaintiff to proceed as a pauper also requires the Court to screen a pauper's complaint and dismiss it without service of process at any

time the Court makes a determination of frivolousness, etc.[2]

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

Title 42 United States Code, section 405(g) provides that, upon denial of benefits, an action "may be commenced within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. §405(g).

The time to respond to the Show Cause Order has expired and plaintiff has failed to respond and show his suit was timely filed. No further pleading or correspondence has been received from plaintiff.

It appears the instant cause should be dismissed for lack of jurisdiction, as it appears plaintiff did not file suit within sixty days of the mailing of the Commissioner's denial of benefits.

Further, it appears plaintiff has abandoned the claims asserted in this cause and such cause should be dismissed for failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (court possesses inherent power to dismiss *sua sponte* for

---

[2]This application of section 1915(e)(2) to non-prisoner pauper cases is also taken by the First Circuit, *see, Mazzaglia v. New Hampshire*, No. 99-1997, 2000 WL 979971 (1st Cir. June 23, 2000)([i]f plaintiff was a prisoner, then 28 U.S.C. §1915A would have governed; if he was not, then §1915(e)(2)(B) would have applied."); the Fourth Circuit, *see, McLean v. Caldwell County Sheriff's Department*, No. 99-2005, 1999 WL 796420 (4th Cir. Oct. 16, 1999); the Seventh Circuit, *see, Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)("it is true that the PLRA substantially changed 1915, not only for cases brought by prisoners, but in some respects for all indigent litigants. Under the amended version of the statute, §1915(e)(2) requires the court to dismiss if it determines (1) that the allegation of poverty is untrue, (2) that the action or appeal is frivolous or malicious, (3) that the action fails to state a claim upon which relief may be granted, or (4) that the action seeks monetary relief against a defendant who is immune from such relief."); and the Ninth Circuit, see, *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998)(dismissal of §1983 action for failure to state a claim by former detainee against various members of the state law enforcement community affirmed).

lack of prosecution). Lastly, it appears plaintiff has refused to comply with an order of the Court and the instant cause should be dismissed for that reason.

## CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that this action seeking review of the final decision of defendant CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration (Commissioner), denying plaintiff's application for disability insurance benefits and social security insurance under Titles II and XVI of the Social Security Act, be DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION.

In the alternative, it is the additional RECOMMENDATION of the Magistrate Judge to the United States District Jude that this action be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH AN ORDER OF THE COURT.

IT IS SO RECOMMENDED.

ENTERED THIS 20th DAY OF MAY 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).